UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:97-cr-00338-MOC-SCR

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **TICO JERMAINE BYNUM,** ) | |
| ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on its own motion following the filing of Defendant Tico Bynum's pro se Letter of Intent, Doc. No. 103, which appears to request that this Court allow the United States Attorney's Office for the Western District of North Carolina to arrange closing on real property located at 1344 Downs Avenue in Charlotte, North Carolina, or alternatively, approve the sale of said property between the interested parties for a purchase price of $220,000.00. The Government has responded in opposition to this request. (Doc. No. 104). To the extent that Defendant's Letter of Intent requests permission to complete the sale of real property, Defendant's request is **DENIED** for the following reasons.

I. BACKGROUND

In 1999, this Court, in Case No. 3:97-CR-338, entered judgment against Defendant for conspiracy to defraud the United States, bank fraud, and uttering fraudulently made securities. (Doc. No. 73). Defendant was sentenced to thirty-six (36) months' imprisonment to be followed by three (3) years of supervised release. Id. Defendant was ordered to pay an assessment of $300.00 and restitution of $34,983.03. Id. When Defendant's judgment was orally pronounced, a lien arose and was automatically and statutorily imposed on all of his property and rights to property for collection

1

of the outstanding restitution. 18 U.S.C. § 3613(c). Plaintiff filed a Notice of Lien as to the restitution debt with the Mecklenburg County Clerk of Superior Court, File No. 99M4260. See (Doc. No. 104-1, Lien Dated August 19, 1999). The current balance on the restitution order is $17,005.20.

Subsequently, in 2008, this Court, in Case No. 3:07-CR-52, entered judgment against Defendant for conspiracy to defraud the United States, counterfeit securities fraud, Social Security account number fraud, and aggravated identity theft and sentenced him to eighty-four (84) months' imprisonment, three (3) years of supervised release, an assessment of $400.00, and restitution of $213,024.65. (Doc. No. 13). When Defendant's new judgment was orally pronounced, another lien arose and Plaintiff perfected the lien by filing a Notice of Lien as to the restitution debt with the Mecklenburg County Clerk of Superior Court, File No. 08M6412. See (Doc. No. 104-2, Lien Dated May 19, 2008). The current balance on the second restitution order is $202,347.66. As the result of these two separate convictions, Defendant owes the victims of his crimes $219,352.86.

Defendant is the record owner of the property located at 1344 Downs Avenue (hereinafter the "Property"). See (Doc. No. 104-4, Deed Dated Nov. 14, 2016). In January 2021, the United States brought a fraudulent transfer action, Case No. 3:21-CV-37, pursuant to 28 U.S.C. § 3304, against Defendant and his family, to void the transfers of the Property as fraudulent in violation of the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. §§ 3001-3308, and obtained avoidance of the fraudulent transfers pursuant to 28 U.S.C. § 3306. Thereafter, in accordance with the Order and Final Judgment in that case, Defendant's judgment lien, along with Defendant's son's judgment lien, was attached to the Property and writs of execution under 28 U.S.C. § 3203 against the Property were issued for each of the following criminal cases: 3:97-CR-338 (Doc. No. 101), 3:07-CR-52 (Doc. No. 38), and 3:20-CR-202 (Doc. No. 72). The writs contain specific instructions on how the net sales proceeds are to be distributed and applied. Although the writs have been served on Defendant and his son, tenants were occupying the Property, preventing immediate levy.

Near the end of March 2023, Plaintiff was informed of a private sale of the Property for consideration far below its fair market value. See (Doc. No. 104-6, Declaration of Brendan Kelly). Defendant separately contacted the Financial Litigation Unit of the United States Attorney's Office for the Western District of North Carolina on March 29, 2023, and May 3, 2023, to notify the Government of the upcoming sale of the Property. Id. Defendant stated that the Property would be sold for $220,000.00, which is roughly the amount Defendant, Tico Bynum, owes on his restitution judgments. Id.

However, the Government believes that the Property has a fair market value well in excess of the amount proposed in the private sale. The Property is also subject to a lien for Defendant's son's restitution, and the private sale for $220,000.00 would fail to provide any recovery on Defendant's son's restitution. The Financial Litigation Unit told the Bynums, both orally and in writing, that the Property is subject to various liens and to levy through its writs to satisfy restitution in cases 3:97-CR-338, 3:07-CR-52, and 3:20-CR-202 and that they must halt the private sale at that depressed price. Id. The Financial Litigation Unit also told the Bynums it would consider releasing the lien for a larger payment, incorporating a portion of Defendant's son's restitution.

On July 3, 2023, Defendant filed a Letter of Intent in each criminal docket, therein expressing the sellers' and buyer's mutual interest to enter into a "prospective transaction." (Doc. No. 103). The letter includes a signature line for a judge to sign if the request is granted.

## II.     DISCUSSION

The Government enforces orders of restitution as well as other debts owed the United States through the FDCPA, Mandatory Victim Restitution Act ("MVRA"), and "by all other available and reasonable means." See 28 U.S.C. §§ 3001-3308; 18 U.S.C. § 3613(a); 18 U.S.C. §§ 3663, 3663A; 18 U.S.C. § 3664(m)(1)(A)(ii). The MVRA provides that the United States may enforce a judgment imposing a fine or restitution in accordance with the practices and procedures for the enforcement of

a civil judgment under Federal law or State law "against all property or rights to property of the person fined" with very limited exceptions. 18 U.S.C. § 3613(a), (f). Additionally, among the means available for enforcing criminal monetary penalties under the FDCPA, the Government is authorized to execute against any property in which a defendant has a substantial nonexempt interest. 28 U.S.C. § 3203(a); 28 U.S.C. § 3202.

Here, Defendant brings to the Court's attention a letter of intent between himself, as a seller, and a buyer, for a proposed private sale of the Property for what appears to be less than full market value and seeks judicial intervention because the Financial Litigation Unit did not and does not approve of the terms of the sale, and in turn, will not release its liens. Although Defendant asserts that the proceeds would be applied toward restitution, that would only result in a partial satisfaction of restitution for Tico's and Malcolm's numerous victims. Moreover, allowing the sale at a less than full market value would thwart the Government's efforts to levy and conduct a sale through the United States Marshals Service, which would ostensibly maximize value to be put toward both Defendant and Defendant's son's restitution.

Therefore, to the extent that Defendant requests facilitation in closing on the sale of the Property or approval of the private sale, his request will be Denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Letter of Intent, Doc. No. 103, to the extent that it requests facilitation in closing on the sale of real property located at 1344 Downs Avenue in Charlotte, North Carolina, will be **DENIED**.

Signed: August 3, 2023

Max O. Cogburn Jr
United States District Judge